An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

JAMES ALLEN REPINEC,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 63203

**FILED**

JUN 1 2 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction entered pursuant to a jury verdict of unlawful use of a controlled substance. Seventh Judicial District Court, White Pine County; Steve L. Dobrescu, Judge.

Appellant James Allen Repinec contends that the district court erred by admitting expert testimony. "We review a district court's decision to allow expert testimony for an abuse of discretion." *Perez v. State*, 129 Nev. ___, ___, 313 P.3d 862, 866 (2013). Expert testimony is admissible if (1) the expert is qualified to testify on the subject, (2) the testimony will assist the jury in understanding the evidence or determining a fact in issue, and (3) the testimony is limited to matters within the scope of the expert's specialized knowledge. NRS 50.275; *Perez*, 129 Nev. at ___, 313 P.3d at 866. Repinec acknowledges that Deputy James Robinson is a Drug Recognition Expert (DRE) and is qualified to testify as an expert, but he asserts that the deputy's testimony did not assist the jury and exceeded the scope the deputy's specialized knowledge.

*Assistance requirement*

Repinec argues that Deputy Robinson's testimony did not assist the jury because it was based on an incomplete and therefore

14-19264

unreliable drug recognition evaluation. Repinec relies upon an Oregon case that concluded that an incomplete drug recognition evaluation did not satisfy the test for the admissibility of scientific evidence set forth in *Daubert v. Merrel Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). *State v. Aman*, 95 P.3d 244, 249 (Or. Ct. App. 2004). However, we have rejected *Daubert*'s standard of admissibility, choosing instead to give "Nevada trial judges wide discretion, within the parameters of NRS 50.275, to fulfill their gatekeeping duties." *Higgs v. State*, 126 Nev. 1, 17, 222 P.3d 648, 658 (2010).

Expert testimony assists the jury if it is relevant and the product of reliable methodology. *Perez,* 129 Nev. at ___, 313 P.3d at 867. "Evidence is relevant when it tends 'to make the existence of any fact that is of consequence to the determination of the action more or less probable.'" *Id.* (quoting NRS 48.015). An expert's opinion is the product of reliable methodology if the methodology "'is (1) within a recognized field of expertise; (2) testable and has been tested; (3) published and subjected to peer review; (4) generally accepted in the scientific community (not always determinative); and (5) based more on particularized facts rather than assumption, conjecture, or generalization.'" *Id.* at ___, 313 P.3d at 869 (quoting *Hallmark v. Eldridge*, 124 Nev. 492, 500-01, 189 P.3d 646, 651-52 (2008) (footnotes omitted)). "These factors may be afforded varying weights and may not apply equally in every case." *Id.* (internal quotation marks omitted).

Here, Deputy Robinson testified that the methodology used by DREs to determine whether an individual is under the influence of a controlled substance is a twelve-step protocol that was initially developed by the Los Angeles Police Department (LAPD) and the National Highway

Supreme Court
OF
Nevada

(O) 1947A

2

Traffic Safety Administration. The protocol has since been standardized, evaluated in a Johns Hopkins research study, and subjected to a LAPD field validation study. It is based on scientific tests and has been accepted by medical doctors, optometrists, research psychiatrists, and other medical professionals in those fields. And it is used nationwide; in several countries across the world; and locally by the White Pine County Sheriff's Office, the Nevada Highway Patrol, and the Narcotics Investigation Unit. A DRE administers the twelve-step protocol by conducting a series of tests. Based on the totality of the test results, the DRE renders an opinion as to whether the subject is under the influence of a controlled substance. The absence of one step in the protocol does not prevent the DRE from rendering an opinion, and the failure to test the suspect's blood or urine for controlled substances does not render the DRE's opinion invalid.

Repinec examined Deputy Robinson; the district court heard the parties' arguments *for* and against the admission of this evidence; and the district court found that the DRE program is accepted scientifically, Deputy Robinson is a qualified DRE, and Deputy Robinson could offer his expert opinion. We conclude that the district court did not abuse its discretion by admitting this expert testimony and that absence of the confirmatory step from the evaluation goes to the weight of the evidence and not its admissibility.

*Limited scope requirement*

Repinec also claims that Deputy Robinson exceeded the scope of his specialized knowledge by presenting medical and scientific conclusions in a manner that cast an aura of scientific certainty to his testimony and by identifying the drugs that he had ingested. However, Repinec did not object to the testimony that he challenges, the alleged

errors do not appear plainly on the record, and we conclude that he has not demonstrated plain error. *See Gallego v. State*, 117 Nev. 348, 365, 23 P.3d 227, 239 (2001) (reviewing unpreserved claims for plain error), *abrogated on other grounds by Nunnery v. State*, 127 Nev. ___, ___ n.12, 263 P.3d 235, 253 n.12 (2011).

Having concluded that the district court did not abuse its discretion by admitting Deputy Robinson's expert testimony into evidence, we

ORDER the judgment of conviction AFFIRMED.

_____*Pickering*_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

cc:    Hon. Steve L. Dobrescu, District Judge
       State Public Defender/Ely
       State Public Defender/Carson City
       Attorney General/Carson City
       White Pine County District Attorney
       White Pine County Clerk